# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**HOWARD WAYNE ALEXANDER, #K6335**                                 **PLAINTIFF**

**VERSUS**                      **CIVIL ACTION NO. 4:09-cv-48-HTW-LRA**

**SANDRA ATWOOD, STEVEN BUTLER,
PATRICIA DUDLEY, FAYE NOEL AND
RON WILLIAM**                                                                             **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This cause comes before this Court *sua sponte* for consideration of dismissal. The Plaintiff filed this complaint pursuant to Title 42 U.S.C. § 1983 and requested *in forma pauperis* status. On April 27, 2009, an order [7] was entered directing Plaintiff to file a written response, on or before May 14, 2009. The Plaintiff was warned in this Court's order of April 27, 2009, that failure to timely comply with the requirements of the order may lead to the dismissal of his complaint. Plaintiff failed to comply with this order.

On June 15, 2009, this Court entered an order [9] directing the Plaintiff to show cause why this case should not be dismissed for his failure to comply with the Court's order [7] of April 27, 2009. In addition, Plaintiff was directed to comply with this Court's order of April 27, 2009, on or before June 30, 2009. The Plaintiff was warned in this Court's order of June 15, 2009, that failure to advise this Court of a change of address or failure to timely comply with the requirements of the order may result in this cause being dismissed. Plaintiff failed to comply with this order.

On August 4, 2009, this Court entered a second order [10] directing the Plaintiff to show cause why this case should not be dismissed for his failure to comply with the Court's orders [7 & 9] of April 27, 2009 and June 15, 2009.  In addition, Plaintiff was directed to comply with the April 27, 2009 order [9] on or before August 19, 2009.  The Plaintiff was warned in this Court's order of August 4, 2009, that failure to advise this Court of a change of address or failure to timely comply with the requirements of the orders would result in this cause being dismissed.  Plaintiff failed to comply with this order.

This Court has the authority to dismiss an action for the Plaintiff's failure to prosecute under Federal Rules of Civil Procedure 41(b) and under its inherent authority to dismiss the action *sua sponte*.  *See generally Link v. Wabash R.R.*, 370 U.S. 626, 629 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).  The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  *Link*, 370 U.S. at 630.  Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court.  *Id.* at 629-30.

The Plaintiff has not complied with three Court orders nor has he contacted this Court since April 14, 2009.  The Court concludes that dismissal of this action for Plaintiff's failure to prosecute and failure to comply with the orders of the Court under Rule 41(b) of the Federal Rules of Civil Procedure is proper.  Since the Defendants have not been called on to respond to Plaintiff's pleading, and the Court has not considered the merits of Plaintiff's claims, the Court's order of dismissal is without prejudice.  *See Munday/Elkins Auto. Partners, LTD. v. Smith*, 201 Fed. Appx.265, 267 (5th Cir.2006).

IT IS THEREFORE ORDERED AND ADJUDGED that the Plaintiff's complaint shall be dismissed without prejudice. A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

SO ORDERED, this the 29th day of September, 2009.

           **s/ HENRY T. WINGATE**
           **CHIEF UNITED STATES DISTRICT JUDGE**

**Civil Action No. 4:09-cv-48 HTW-LRA**
**Memorandum Opinion and Order**